(159 App. Div. 478.)

## NOVOTNY v. KOSLOFF.

(Supreme Court, Appellate Division, First Department.   December 5, 1913.)

ARREST (§ 15*)—GROUNDS—FRAUD IN INCURRING LIABILITY.

    Under Code Civ. Proc. § 549, subd. 4, providing that defendant may be arrested in a civil action, upon contract, where it is alleged in the complaint that defendant was guilty of fraud in contracting or incurring the liability, but that where such allegation is made plaintiff cannot recover unless he proves the fraud on the trial of the action, and that a judgment for defendant is not a bar to a new action to recover upon the contract only, the liability referred to is that flowing from a breach of the contract upon which the action is based and not a liability for deceit in inducing the contract, since there could hardly be a right of action upon contract after a judgment for defendant if plaintiff must rescind the contract and sue for damages for the fraud in order to hold the defendant liable for the fraud in contracting or incurring the liability.

    [Ed. Note.—For other cases, see Arrest, Cent. Dig. §§ 40–43; Dec. Dig. § 15.*]

    Ingraham, P. J., and Scott, J., dissenting.

Appeal from Trial Term, New York County.

Action by Vlasta Novotny, an infant, by Marie Novotny, her guardian ad litem, against Theodore Kosloff. From a judgment for plaintiff and an order denying a new trial, defendant appeals. Affirmed.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

Jacob Manheim, of New York City, for appellant.
Roger Foster, of New York City, for respondent.

HOTCHKISS, J.   I think the result the learned Presiding Justice has reached overlooks the language and intent of subdivision 4 of section 549, which reads:

"In an action upon contract, express or implied, * * * where it is, alleged in the complaint that the defendant was guilty of a fraud in contracting or incurring the liability."

It seems to me that the "liability" thus referred to is that flowing from a breach of the contract upon which the action is based and is not a liability for deceit in inducing the contract. The situation is somewhat anomalous, but as shown by the notes to section 549, Bliss (6th Ed.) the so-called Throop Code, enacted in 1876, separated the cases where the right to arrest depended exclusively on the nature of the action from those where such right depended on extrinsic facts, placing the former in section 549 and the latter in 550, and expressly provided in cases of the latter class for excluding allegations of such extrinsic facts from the complaint. In 1879 the section was amended by requiring the allegations of fraud to be inserted in the complaint in all actions of the class described in subdivision 4. The reason for this change is not difficult to understand. It arose from the abuse of orders of arrest, which were secured and upheld upon affidavits merely; the amendment gave the defendant the benefit of a jury trial upon what was usually the question of greatest practical

importance in such cases, namely, whether a body execution should or should not issue. And, in order to protect the plaintiff in the ultimate recovery of his debt, it was further provided by the same subdivision that "a judgment for the defendant is not a bar to a new action to recover upon the contract only."

In the light of the foregoing, I do not see how it is possible for one to have his action "upon contract," if, in order to hold the defendant "guilty of a fraud in contracting or incurring the liability," he must rescind the contract and bring his action for damages.

The judgment and order should be affirmed, with costs.

CLARKE and DOWLING, JJ., concur.

INGRAHAM, P. J. (dissenting). The complaint alleges that the plaintiff, an infant over the age of 14 years, was by profession a solo dancer; that during the month of September, 1910, plaintiff was engaged as a solo dancer at the Opera House in the city of Frankfort, in the empire of Germany; that the defendant, willfully intending to deceive and injure the plaintiff and to use her talent as a dancer for his own purposes, and only so long as it suited his purpose, and in order to induce the plaintiff to enter his employment and become a member of his said company, then and there falsely and fraudulently made certain representations to the plaintiff and thereby induced the plaintiff and her parents on September 11, 1910, in the city of Frankfort, to enter into a written contract with the defendant, a copy of which is annexed to the complaint; that in pursuance of that contract the plaintiff came to this country and entered into the employ of defendant and on October 17, 1910, began to perform in the city of New York and Baltimore, until on or about December 20, 1910, when defendant repudiated the contract and refused to continue it. By this contract the plaintiff bound herself to accept engagements offered by defendant in all the cities of the whole world at a monthly salary of at least 500 marks, and the defendant obligated himself to pay, besides the fixed salary, all the traveling expenses. It was further provided that, should plaintiff for any cause, except sickness or accident, absent herself from any performance without permission of the ballet master, the defendant should have the right to impose a fine upon the plaintiff; that, in case the plaintiff violated any of the conditions or points of the agreement, the defendant shall have the right to declare the agreement invalid and to impose a fine upon the plaintiff, which fine shall not exceed the amount of salary; that the parties to the agreement bound themselves to hold the contract sacred in all single points and the whole contents thereof and mutually imposed upon themselves the damage of 10,000 marks in case one of them broke the contract made between them; that defendant also obligated himself to send plaintiff to Bohemia at his expense at the expiration of the contract; and that the contract was to read for two years. The complaint also alleges that the defendant failed to pay the plaintiff various sums of money due under the contract and terminated the payments in the week ending December 17, 1910; that the plaintiff had duly performed all of

the conditions of. said contract on her part; and that by the acts of the defendant the plaintiff has been damaged in the sum of $8,250 and demands judgment for that sum.

Upon the trial evidence was offered to show that defendant made certain representations in relation to his American contracts and that such representations were false; that the plaintiff was ready and willing to perform the contract on her part, and did perform the same until on or about December 20, 1910, when the defendant terminated the contract. The damages which the plaintiff claims she sustained and for which she recovered judgment was 10,000 marks provided in the contract as liquidated damages and the cost of returning the plaintiff to Bohemia. The trial judge submitted to the jury the question whether these false representations were made and held as matter of law that the damages were liquidated, and that the plaintiff, if entitled to recover, could recover 10,000 marks and the cost of the plaintiff's return trip to Bohemia.

The action having been brought for fraud, the plaintiff cannot recover unless she brings herself within subdivision 4, § 549, of the Code of Civil Procedure. That section provides that the defendant may be arrested in a civil action, where the action is brought for either of the following causes:

"(4) In an action upon contract, express or implied, other than a promise to marry, where it is alleged in the complaint that the defendant was guilty of a fraud in contracting or incurring the liability; * * * but where such allegation is made, the plaintiff cannot recover unless he proves the fraud on the trial of the action; and a judgment for the defendant is not a bar to a new action to recover upon the contract only."

This section was inserted in the Code by chapter 542, Laws 1879, and prior to that amendment it was not necessary to allege in the complaint and prove upon the trial the fraud, but that fact could be established by affidavit, and the action then proceeded as an ordinary action on contract. By this amendment it was intended that, when a party relied upon the fraud in contracting or incurring the obligation sued on, the fraud must be alleged in the complaint and proved upon the trial. Section 1487 of the Code provides that an execution may be issued against the person of the judgment debtor "where the plaintiff's right to arrest the defendant depends upon the nature of the action," and thus upon a judgment recovered under subdivision 4, § 549, of the Code, an execution against the person of the judgment debtor can issue.

The first question, therefore, presented is whether the defendant was guilty of a fraud "in contracting or incurring the liability." The complaint alleges that the defendant was guilty of a fraud in inducing the plaintiff and her parents originally to enter into the contract of employment. For that fraud the plaintiff would have been justified in rescinding the contract and could have recovered such damages as she sustained in consequence of the making of the contract, and a liability for such damages would have been caused by the fraud of the defendant in contracting and incurring the liability. The plaintiff, however, has not brought such an action but seeks to recover under the contract

and has recovered judgment, not for damages for fraud in making the contract, but for breach of contract by the defendant, and as to that breach of contract there is no allegation of fraud. The defendant claims that the plaintiff had been guilty of breach of contract on her part, and therefore stated that he considered the contract abrogated. Under the contract the parties had agreed, as the court below held, that for a breach by either party the innocent party should recover as liquidated damages the sum of 10,000 marks, and, upon this provision of the contract as a valid and existing obligation, the plaintiff has recovered judgment for that amount. The liability arose because of the breach, and the defendant incurred the liability, not by making the contract but by refusing to carry it out; and the plaintiff's damages arose, not by reason of the making of the contract, which so far as appears she was ready and anxious to perform, but because the defendant refused to allow such performance. I cannot see, therefore, how it can be said that the defendant was guilty of a fraud in contracting or incurring the liability. The fraud was in inducing the plaintiff to make the contract in the first place, but the plaintiff suffered no damages by that fraud, because she was willing and anxious to complete the contract, and it makes no difference, as to the defendant's liability or as to the plaintiff's compensation for her services, whether the defendant had contracts in the United States or not. The plaintiff waived the fraud when she ratified the contract and insisted upon its performance, after knowledge of the fraud; and by bringing this action on the contract, claiming the benefit of its provisions, she ratified the contract and proceeded under it. As before stated, the liability of the defendant was for a breach of the contract, which he had induced the plaintiff and her parents to make and which she had ratified and confirmed. If the plaintiff could have maintained action for the damages she had sustained by the fraud of the defendant in inducing her to enter into the contract, to sustain this cause of action it was necessary to allege and prove that the fraud of the defendant caused her damage. In such a case the liability of the defendant would be based on the defendant's fraud in inducing the plaintiff to make the contract, and such an action could be maintained under subdivision 4, § 549, of the Code. But when the party to the contract comes in, alleging the contract and the breach by the defendant, and the only damages she seeks to recover are damages caused by the breach as distinguished from damages caused by the fraud that induced her to make the contract, the fraud had no relation to the liability of the defendant then sought to be enforced, and the defendant was not therefore guilty of a fraud in contracting or incurring the liability which was sought to be enforced.

I think, therefore, this judgment should be reversed.

SCOTT, J., concurs.